**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DWIGHT DAVIS and STANLEY HOWARD )
                                      )
       Plaintiffs, )
                                        )
v. )
                                        )
CARRINGTON MORTGAGE )
SERVICES, LLC and JOHN DOES 1-20 )
                                        )
       Defendants. )

**NOTICE OF REMOVAL**

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Carrington Mortgage Services, LLC ("Carrington"), by and through its attorneys, hereby files this notice of removal pursuant to 28 U.S.C. §§ 1446, 1441 and 1332. In support of this removal, Carrington states as follows:

I.     **STATE COURT ACTION**

1.     Plaintiffs Dwight Davis and Stanley Howard (collectively, "Plaintiffs") filed their Complaint in the Circuit Court of Cook County, Illinois, Chancery Division on June 8, 2021, thereby commencing this action captioned *Dwight Davis, et al. v. Carrington Mortgage Services, LLC, et al.* (Cause No. 2021CH02792) (hereinafter, the "State Court Action"). Pursuant to 8 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a true and correct copy of the entire file from the State Court Action at the time of removal.

2.     Plaintiffs assert claims relating the real property located at 9218 South Anthony, Chicago, Illinois 60617 (the "Property"). Use Complaint, **Ex. A**, ¶¶ 20, 24. Among other things, Plaintiffs claim that Carrington trespassed upon, forcibly entered into, and even converted the Property. Id. at ¶¶ 24-34. In so doing, Plaintiffs allege that "Carrington wrongfully and recklessly

deprived [Plaintiffs] and their tenant of their right to peaceful possession of their homes, and caused personal property damages, and other compensatory damages." Id. at ¶ 22.

3. The Complaint does not include an *ad damnum* clause or any other measure of the damages sought by Plaintiffs. Id.

4. However, the Complaint does include requests for declaratory and injunctive relief, including "injunctive relief restoring [Plaintiffs'] possession of their property and prohibiting Defendants from further interfering with their possession." Id. at p. 10.

## II. PROCEDURAL REQUIREMENTS

5. Under 28 U.S.C. § 1446, this Notice of Removal is timely because the Complaint was served on Carrington on June 17, 2021, which is less than thirty (30) days from the date of this filing.

6. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a true and correct copy of the entire file from the State Court Action at the time of removal.

7. Pursuant to 28 U.S.C. § 1446(d), Carrington, simultaneously with the filing of this Notice of Removal, is (**1**) serving Plaintiff with a copy of this Notice of Removal, and (**2**) filing a copy of the Notice of Removal in the Circuit Court of Cook County, Illinois, Chancery Division. A copy of the Notice of Removal filed in the State Court Action is attached hereto as **Exhibit B**.

8. By this Notice of Removal, Carrington does not waive any defense, jurisdictional or otherwise, which it may possess.

## III. DIVERSITY JURISDICTION

9. This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. §§ 1446, 1441 and 1332. "The exercise of federal subject matter jurisdiction on the basis of diversity

PH 1019183.2

requires [1] complete diversity of citizenship among the parties and [2] an amount in controversy in excess of $75,000, exclusive of interest and costs." Lambert v. Hughes Network Sys., LLC, 10-CV-0571, 2010 WL 3034212, at *1 (N.D. Ill. Aug. 2, 2010). Both requirements are met here and this Court may properly exercise federal diversity jurisdiction in this matter.

### A. Diversity of Citizenship

10. Plaintiffs are citizens of Illinois, in that they allege that they are "residents of Cook County, Illinois." See Complaint, ¶ 6.

11. The Complaint does not contain any allegations regarding the residency or citizenship of Carrington. Id.

12. Carrington is a Delaware limited liability company with its principal place of business in Anaheim, California. Carrington's members are Carrington Holding Company, LLC and Carrington Investment Partners, L.P. Carrington Holding Company, LLC is a Delaware limited liability company with its principal place of business in Greenwich, Connecticut, whose sole member is The Carrington Companies, LLC. Carrington Investment Partners, L.P. is a Delaware limited partnership with its principal place of business in Greenwich, Connecticut, whose general partner is Carrington Capital Management, LLC. Carrington Capital Management, LLC is a Delaware limited liability company with its principal place of business in Greenwich, Connecticut, whose members are Carrington Holding Company, LLC and a private individual. The private individual is not a citizen of the state of Illinois. The Carrington Companies, LLC is a Delaware limited liability company with its principal place of business in Greenwich, Connecticut. The Carrington Companies, LLC's members are two private individuals who are not citizens of the state of Illinois.

13. Because Plaintiffs are citizens of Illinois and Carrington is not a citizen of Illinois, there is complete diversity among the parties. See 28 U.S.C. § 1332(c)(1).

3

### B.     Amount in Controversy

14.     The amount in controversy element is also satisfied.

15.     As an initial matter, the proponent of federal jurisdiction "has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met." See Oshana v. Coca-Cola Co., 472 F.3d 506, 511 (7th Cir. 2006) (citing Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir.2006)).  Where, as here, a plaintiff provides no specific information about the value of their claims or the measure of their damages, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence."  Oshana, 472 F.3d at 511 (citing Rubel v. Pfizer, Inc., 361 F.3d 1016, 1020 (7th Cir. 2004)).  "Once the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction."  See Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 448 (7th Cir. 2005).

16.     As discussed above, Plaintiffs seek declaratory and injunctive relief, including "injunctive relief restoring [Plaintiffs'] possession of their property and prohibiting Defendants from further interfering with their possession."  See Complaint, **Ex. A**, p. 10.

17.     Where, as here, a plaintiff has asserted "actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."   See Twin City Fire Ins. Co. v. Law Office of John S. Xydakis, P.C., 407 F. Supp. 3d 771, 776 (N.D. Ill. 2019); see also Macken ex rel. Macken v. Jensen, 333 F.3d 797, 799 (7th Cir. 2003) (quoting Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 347 (1977) (finding that in a suit for injunctive relief, "the amount in controversy is measured by the value of the object of the litigation").  Notably, in the Seventh Circuit, the "value of the object" may be viewed from the perspective of either a plaintiff *or* a defendant, i.e., "what the plaintiff

stands to gain, or what it would cost the defendant to meet the plaintiff's demand." See Macken, 333 F.3d at 799-800; accord with In re Brand Name Prescription Drugs Antitrust Litig., 123 F.3d 599, 610 (7th Cir. 1997) (finding that "another way in which the requirement of the statutory minimum amount in controversy can be satisfied in an injunctive case is by showing that the injunction would force the defendant to forgo a benefit to him that is worth more than the threshold amount specified in the diversity statute); Supernova Sys., Inc. v. Great Am. Broadband, Inc., 1:09-CV-016, 2009 WL 1766818, at *3 (N.D. Ind. June 22, 2009) ("Lost income to a defendant as a result of a request for injunctive relief by the plaintiff may contribute to the amount in controversy.").

18.     To be clear, in seeking to prevent Carrington from "interfering with their possession of the Property," Plaintiffs seek to enjoin Carrington from foreclosing on the Property. Therefore, the "value of the object of the litigation" is the value of the Property itself. See, e.g., Berry v. Chase Home Fin., LLC, No. C-09-116, 2009 WL 2868224, at *3 (S.D. Tex. Aug. 27, 2009) (finding that the value of the claims seeking declaratory and injunctive relief was the "current appraised fair market value of the Property" because "[a]bsent judicial relief, Plaintiff could be divested of all right, title, and interest to the Property"); Farkas v. GMAC Mortgage, L.L.C., 737 F.3d 338, 342-43 (5th Cir. 2013) (where claim sought to enjoin enforcement of deed of trust, finding "the value of the property represents the amount in controversy" for purposes of diversity jurisdiction).

19.     According to the Cook County Assessor's Office, the current estimated market value of the Property is $111,900.00. A true and correct copy of the Cook County Assessor's Office property information is attached hereto as **Exhibit C**. See Turner v. JP Morgan Chase Bank, N.A., No. 3:12-CV-2701-M (BF), 2013 WL 2896883, at *3 (N.D. Tex. June 13, 2013)

5

(using current market value of property from local government authority to determine amount in controversy where claim sought to enjoin foreclosure). In light of the foregoing, the value of the Property satisfies the amount in controversy requirement for federal diversity jurisdiction.

20. Because there is complete diversity between the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and removal is proper.

WHEREFORE, Defendant Carrington Mortgage Services, LLC gives notice that the above-entitled action is removed and transferred from the Circuit Court of Cook County, Illinois, Chancery Division to the United States District Court for the Northern District of Illinois.

Dated: July 16, 2021.

Respectfully submitted,

SPENCER FANE LLP

/s/ Thomas W. Hayde, Jr.
Thomas W. Hayde, Jr., #6288227
Arthur D. Gregg, #6319204
(*admission pending*)
1 N. Brentwood Blvd., Suite 1000
St. Louis, MO 63105
(314) 863-7733 (telephone)
(314) 862-4656 (facsimile)
thayde@spencerfane.com
agregg@spencerfane.com

*Attorneys for Defendant Carrington Mortgage Services, LLC*

PH 1019183.2